UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
RAUL FIGUEROA OCAMPO,

                      Petitioner,         **MEMORANDUM AND ORDER**
                                                                        26-CV-0999 (PKC)

      - against -

KRISTI NOEM, Secretary of Homeland
Security; JUDITH ALMODOVAR, Acting
Field Office Director, New York Field Office,
U.S. Immigration & Customs Enforcement;
PAMELA BONDI, Attorney General of the
United States; and RAUL MALDONADO,
Warden of the Metropolitan Detention Center,

                      Respondents.
---------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      The Court is in receipt of Respondents' Response, (Dkt. 9), to the Court's Show-Cause Order, (Dkt. 6). Although Respondents maintain that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), they provide no facts to support this position; nor do they contest the facts Petitioner has alleged. "Respondents' complete and utter failure to produce evidence supporting any ground to detain [petitioner] is reason alone to grant [his] Petition." *See Marisol P.Q. v. Bondi*, No. 26-CV-1055 (MJD/DJF), 2026 WL 376306, at *2 (D. Minn. Feb. 10, 2026), *report and recommendation adopted*, No. CV 26-1055 (MJD/DJF), 2026 WL 468237 (D. Minn. Feb. 18, 2026). Even so, the Court finds that because Petitioner has lived in the United States since 1993 and is currently being detained without prior notice or individualized justification, (Pet., Dkt. 1, ¶¶ 20–25, 41), his detention is contrary to 8 U.S.C. § 1225(b)(2)(A), and he must be released. *Yin v. Maldonado*, No. 26-CV-0103 (PKC), 2026 WL 295389, at *2 (E.D.N.Y. Feb. 4, 2026) ("[A] non-citizen who is already in the country pending the outcome of removal proceedings is not

'seeking admission,' and therefore is not subject to Section 1225(b)(2)(A)'s mandatory detention.").

The Court grants the petition for writ of habeas corpus, (Pet., Dkt. 1). Respondents are directed to release Petitioner from custody immediately and no later than within 24 hours of this Order. Respondents are further directed to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest. Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than 6:00 p.m. tomorrow, March 4, 2026. The Court further orders that Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. Petitioner must not be re-detained by Respondents without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under Section 1226(a). Petitioner's deadline to apply for fees under the Equal Access to Justice Act is due within 30 days of a final judgment in this action, which, if Respondents do not appeal, is June 1, 2026. 28 U.S.C. § 2412(d)(1)(B). The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 3, 2026
Brooklyn, New York